UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Phillip Maurice Hicks, | ) | C/A No. 2:26-cv-00111-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Berkeley County, City of Charleston, Rita | ) | |
| Hammond, Kelsey Gaston, Boulevard Company, | ) | |
| JKG Real Estate LLC, Kayla Owens, Schwartz | ) | |
| Law, Heather Gilbert, Gilbert & Barnhill, PA, | ) | |
| Adam Schaaf, Low Country Orthopedics & Sports | ) | |
| Medicine LLC, Kyra McMillan, Corvey Law Firm, | ) | |
| Ernest Jarrett, Jack Landis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action alleging violations of his constitutional rights and asserting various state law claims. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a standard complaint form (ECF No. 1) and a ten-page typed document (ECF No. 1-1). The Court construes both documents together as the Complaint filed in this matter.

Plaintiff contends this Court has federal question jurisdiction over his claims premised on 42 U.S.C. § 1983 and supplemental jurisdiction over his state law claims. ECF No. 1-1 at 2. Plaintiff alleges he is 63 years old, has five children, and has lived in Berkeley County for a

1

substantial part of his life. *Id*. Plaintiff was detained at the Berkley County Detention Center from April 2025 until he "bailed out" in October 2025. *Id*. He is awaiting trial, is on house arrest, and is required to "wear a painful and life ruining ankle monitor." *Id*. Plaintiff is a resident of Mount Pleasant, is a parent, a homeowner, and a "substantial earner with legally protected liberty and property interests." *Id*. Plaintiff is the sole member of All Our Girls, LLC. *Id*.

Plaintiff contends he "lawfully possessed custody interests, ownership of real property, a valid mortgage, an impeccable reputation, and a protected right to fair judicial proceedings." *Id*. at 4. Family court proceedings involving Plaintiff were initiated, although Plaintiff was not provided notice that substantive temporary custody, property, or financial issues would be adjudicated. *Id*. During the emergency family court proceeding, "the matter was effectively converted into a temporary adjudication of substantive rights without notice or opportunity to prepare." *Id*. Plaintiff was denied meaningful procedural safeguards, including adequate notice, neutral adjudication, and lawful standards. *Id*. According to Plaintiff, "[o]ff-the-record communications, advocacy-driven standards, and counsel-drafted orders supplanted independent judicial findings." *Id*. A guardian ad litem participated in the proceedings but abandoned the neutrality and aligned with on party's positions. *Id*. Plaintiff asserts the proceedings were delayed and continued without lawful extension, exceeding the mandatory procedural limits, including the 365-day rule. *Id*. A second judge continued the case and entered orders without proper judicial determination. *Id*. at 5. As a result, Plaintiff lost meaningful custody and parenting time with his child. *Id*.

Plaintiff was deprived of ownership, possession, and control of his residence, valued at approximately $2,585,000. *Id*. According to Plaintiff, the residence was owned under contract by All Our Girls, LLC, controlled entirely by Plaintiff. *Id*. Plaintiff's mortgage, with a principal

balance of $1,100,000 was paid off or extinguished without authorization. *Id*. Plaintiff suffered financial collapse, loss of wages, homelessness, and incurred out-of-pocket mitigation expenses estimated at approximately $3,815,000. *Id*. Plaintiff suffered from medical conditions, and Defendants' actions interfered with access to necessary care, creating a foreseeable risk of serious bodily harm or death. *Id*. Defendants also made and published false statements about Plaintiff, damaging his reputation, credibility, and standing. *Id*. According to Plaintiff, "Defendants'' actions were coordinated, intentional, and resulted in severe and lasting harm to Plaintiff." *Id*.

Based on these allegations, Plaintiff asserts the following causes of action. For a first cause of action, Plaintiff asserts a claim for denial of procedural due process under the Fourteenth Amendment. *Id*. at 5–6. For a second cause of action, Plaintiff asserts a claim for interference with custody and parental rights. *Id*. at 6. For a third cause of action, Plaintiff asserts a claim for "creation of foreseeable risk of death." *Id*. at 7. For a fourth cause of action, Plaintiff asserts a claim for theft/conversion of real property. *Id*. For a fifth cause of action, Plaintiff asserts a claim for "unauthorized payoff and destruction of mortgage." *Id*. at 8. For a ninth cause of action, Plaintiff asserts a claim for defamation/false light. *Id*.

Plaintiff seeks the following relief. Plaintiff seeks compensatory damages in the amount of $7,500,000 for the loss of his real property and equity, loss of mortgage and financing, loss of custody and parental rights, loss of wages and earning capacity, homelessness and loss of shelter, medical endangerment and emotional distress, reputational harm, and out-of-pocket mitigation and living costs. *Id*. at 8–9. Plaintiff also seeks punitive damages to punish Defendants and "deter egregious misconduct." *Id*.

The Court takes judicial notice[1] that Plaintiff has been charged with stalking at case number 2025A0810600009 in the Berkeley County Court of General Sessions, which remains pending. *See* Berkeley County Ninth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (search by case number listed above) (last visited Jan. 13, 2026). The Court also takes judicial notice of Plaintiff's family court proceedings in the Berkeley County Family Court at case number 2024-DR-08-00909. *See Hammond v. Hicks*, No. 2024-DR-08-00909, available at https://portal.fccms.dss.sc.gov/#/Public AccessPersonSearch (search by case number listed above) (last visited Jan. 13, 2026).

## STANDARD OF REVIEW

### Screening Authority and Liberal Construction

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous

5

complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

**Requirements to State a Claim under 42 U.S.C. § 1983**

Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to summary dismissal because Plaintiff has failed to establish a federal law claim, certain Defendants are not persons subject to suit or are immune from suit, Plaintiff has failed to state a claim for relief that is plausible, and the Court lacks jurisdiction over Plaintiff's state law claims. The Court will address these and other issues in turn below.

**Allegations Regarding the LLC**

Plaintiff purports to bring claims on behalf of All Our Girls, LLC. ECF No. 1-1 at 1. However, Plaintiff is not permitted to assert claims on behalf of the LLC.

Plaintiff, who is proceeding *pro se*, cannot represent the interests of others, or bring claims on behalf of others, in this lawsuit. *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* litigant's right to litigate for oneself does not create a similar right to litigate on behalf of others); *Caldwell v. Straube*, C/A No. 8:20-cv01767-MGL-JDA, 2020 WL 3549157, at *3 (D.S.C. May 28, 2020) ("to the extent Plaintiff brings this action on behalf of others, it should be dismissed based on lack of standing"), *R&R adopted by* 2020 WL 3548817 (D.S.C. June 30, 2020). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. *See Pridgen v. Andresen*, 113 F. 3d 391, 392–93 (2d Cir. 1997) (noting a *pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"). Corporations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this Court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does

not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Days Inn Worldwide, Inc. v. JBS, Inc.*, C/A No. 4:08-cv-1771-TLW-TER, 2010 WL 625391 (D.S.C. Feb. 19, 2010); *see also In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed *pro se* at all"); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not proceed *pro se* and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder); *U.S. Commodity Futures Trading Comm'n v. OTC Invs. LLC*, C/A No. 1:15-cv-00081, 2015 WL 3397066, at *1 (W.D.N.C. May 26, 2015) ("It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel.").  Plaintiff therefore may not represent All Our Girls, LLC, which should be dismsised as a party to this action.  *Babb v. Wait*, C/A No. 2:25-cv-13417-RMG-MHC, 2025 WL 3765548, at *3 (D.S.C. Dec. 9, 2025), *R&R adopted by* 2025 WL 3765398 (D.S.C. Dec. 30, 2025).

**Plaintiff's Federal Law Claims**

Plaintiff's federal law claims are subject to dismissal.  As noted, Plaintiff invokes this Court's federal question jurisdiction based on claims under § 1983.  The only claim that presents a federal question, however, is Plaintiff's assertion that Defendants violated his right to due process.  Plaintiff's due process claim is without merit.

### *Defendants Entitled to Dismissal*

First, the named Defendants are either immune from suit or are not persons acting under color of state law.  To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional right or of a right conferred by a law of the United States.  *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

#### *Berkeley County*

Berkeley County is subject to summary dismissal.  Plaintiff alleges that Berkely County operates and oversees the court systems within the County, including the family court and "has reason to be aware of the egregious treatment and rulings against Father's within its jurisdiction including that of [Plaintiff]."  ECF No. 1-1 at 3.  Plaintiff's contentions are without merit because it is well settled that "the Berkeley County Family Court is part of South Carolina's unified judicial system."[2]  *Est. v. Jarrett*, C/A No. 2:21-cv-02506-RMG-MGB, 2022 WL 14966432, at *9 (D.S.C. July 28, 2022), *R&R adopted by* 2022 WL 14893370 (D.S.C. Oct. 26, 2022).

Further, to the extent Plaintiff intends to assert a municipal liability claim against the County, the Complaint fails to present allegations to establish such a claim.  Although Berkeley County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability).  Municipal liability is based on the execution of a

---

[2] Plaintiff has not named the family court.  Even if he had, his claim would fail as the court, as an arm of the State would be protected from suit under the Eleventh Amendment.  *Guidetti v. Cnty. of Greenville*, C/A No. 6:11-cv-1249-HMH-JDA, 2011 WL 5024287, at *6 (D.S.C. Sept. 12, 2011) (explaining that "[s]uing the unified judicial system is the same as suing the State, and the State of South Carolina has immunity from suit under the Eleventh Amendment of the United States Constitution"), *R&R adopted by* 2011 WL 5024277 (D.S.C. Oct. 20, 2011)

governmental policy or custom and a local government may not be held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–91. The fact that a municipality employs an individual, and that individual violated a plaintiff's constitutional right, is alone insufficient to establish liability for the municipality. *Id.* at 691. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997).

The Complaint fails to identify a specific policy or custom of Berkeley County which caused his federal rights to be violated, and he therefore fails to state a claim for municipal liability. *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011). Plaintiff has not alleged facts establishing any official policy or custom, nor has he alleged facts showing any such official policy or custom resulted in the deprivation of his own constitutional rights. *Sage v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023).

For these reasons, Plaintiff's allegations fail to establish a claim against the Berkeley County, and this Defendant is therefore entitled to dismissal from this action. *Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

10

### City of Charleston

Plaintiff names the City of Charleston as a Defendant because it "operates its law enforcement efforts through the Charleston Police Department" ("CPD"), and CPD "on occasion enforces laws promulgated by Berkeley County." ECF No. 1-1 at 3.

Although the City of Charleston is not an individual, like a county, it may be subject to liability under *Monell*. However, Plaintiff has not alleged facts to establish a *Monell* claim. Plaintiff presents only cursory allegations against the City of Charleston and fails to identify any policy or custom that would give rise to municipal liability. Also, Plaintiff has failed to allege facts showing that the City of Charleston has any authority or control over the family court or any of the individual Defendants. Plaintiff has failed to allege facts against the City of Charleston to establish a constitutional claim under § 1983.

### Jarrett and Landis

Plaintiff alleges that "Defendants Jarrett and Lands are judges or former judges, respectively, who acted under color of state law and/or jointly with state actors in their capacities as such." ECF No. 1-1 at 3. The Complaint does not make specific allegations against either Jarrett or Landis but generally asserts that the judicial proceedings were improper.

Jarrett and Landis immune from suit. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).

Plaintiff fails to present facts to show that Jarrett acted in the absence of all jurisdiction. Plaintiff must plead facts, not merely recite legal conclusions, "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570 (2007); *see, e.g.*, *Lemon v. Hong*, C/A No. ELH-cv-16-979, 2016 WL 2347976, at *3 (D. Md. May 3, 2016) (finding the plaintiff's claim that a judge acted in clear absence of all jurisdiction was unsupported by facts to establish a claim that was plausible to overcome judicial immunity), *aff'd*, 671 F. App'x 79 (4th Cir. 2016); *Emiabata v. Warren*, C/A No. 5:24-cv-245-FL, 2024 WL 3843053, at *2 (E.D.N.C. July 2, 2024) (finding judicial immunity applied to bar claims against a judge and discussing whether the allegations presented were sufficient to establish the judge "acted without subject matter jurisdiction" and concluding the allegations failed to rise to the level of plausible), *R&R adopted by* 2024 WL 4886462 (E.D.N.C. Nov. 25, 2024), *aff'd*, No. 25-1059, 2025 WL 1683452 (4th Cir. June 16, 2025); *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 550 (E.D.N.C. 2013) (finding judicial immunity applied, even though "Plaintiff vehemently argues that these state court judges acted in the complete absence of jurisdiction," because Plaintiff failed to present allegations that the judges' actions were performed in the clear absence of all jurisdiction).

Plaintiff's contention that the family court proceedings were improper are without merit as "the family court has 'exclusive jurisdiction' to settle all legal and equitable rights regarding marital property" and custody. *Seels v. Smalls*, 437 S.C. 167, 181, 877 S.E.2d 351, 358 (2022) ("[T]he family court is in the best position to decide issues affecting marital property in light of the long-standing, detailed statutory procedures governing the family court's exercise of exclusive

jurisdiction over this subject matter."). Plaintiff has failed to allege facts to plausibly show that Jarrett or Landis acted in the absence of all jurisdiction.

Because Plaintiff's factual allegations against Jarrett and Landis relate to their judicial actions, they are entitled to absolute immunity. *Reaves v. Rhodes*, C/A No. 4:10-cv-3234-TLW-TER, 2011 WL 2728405, at *6 (D.S.C. May 19, 2011) ("As South Carolina Family Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from claims for damages arising out of their judicial actions."), *R&R adopted by* 2011 WL 2731359 (D.S.C. July 12, 2011). Accordingly, Jarrett and Landis are entitled to dismissal on the basis of judicial immunity.

### *The Remaining Defendants*

All of the remaining Defendants are not persons acting under color of law. Plaintiff contends Defendants Hammond, Gaston, the Boulevard Company, JKG Real Estate LLC, Owens, Schwartz Law, Gilbert, Gilbert & Barnhill, Schaaf and Low Country Orthopedics & Sports Medicine LLC all "conspired to commit fraud in the form of a fraudulent conveyance of property owned by an entity of the defendant worth millions," among other things. ECF No. 1-1 at 3. Plaintiff also contends Kyra McMillan and the Corvey Law Firm acted as guardian ad litem. *Id*.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citations and internal quotation marks omitted). Further, it is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983);

*Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons); *Green v. Murdaugh*, C/A No. 5:12-cv-1086-RMG-KDW, 2012 WL 1987764, *2 (D.S.C. May 07, 2012), *adopted by* 2012 WL 1987259 (D.S.C. June 04, 2012) (dismissing because police department was not subject to suit under § 1983).

Many of these Defendants are attorneys and law firms, which are not state actors. *See Steele v. Bodiford*, C/A No. 6:25-cv-0128-DCC-WSB, 2025 WL 1019429, at *6 (D.S.C. Feb. 13, 2025), *R&R adopted by* 2025 WL 1014754 (D.S.C. Apr. 4, 2025). To state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *Dowe*, 145 F.3d at 658. It is well settled that attorneys participating in litigation are not state actors under § 1983. *Martin v. Brackett*, C/A No. 9:09-cv-792-RBH, 2009 WL 3836123, at *1 (D.S.C. Nov. 13, 2009) ("Attorneys for criminal defendants generally do not act under color of state law when performing traditional functions as counsel."). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for lack of state action). Plaintiff has not presented allegations to plausibly show that any of the named attorneys exceeded the "traditional functions as counsel."[3] *Polk Cnty.*, 454 U.S. at 325; *see also Trexler v. Giese*, C/A No. 3:09-cv-

---

[3] Courts have consistently noted that claims for ineffective assistance of counsel do not rise to the level of a constitutional violation to support a claim under § 1983. *Hinton v. Bangs*, C/A No. 1:08-cv-628-JCC-TRJ, 2008 WL 8889883, at *2 (E.D. Va. June 24, 2008) (allegation of

144-CMC-PJG, 2010 WL 104599, at *3 (D.S.C. Jan. 7, 2010) (finding attorney was entitled to summary dismissal in § 1983 action where attorney's representation in the state criminal case fell "squarely within the parameters of his legal representation" although the plaintiff was unhappy with the manner in which the attorney represented her). "Private lawyers do not act 'under color of state law' merely by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). A lawyer's "representation of [Plaintiff's ex-wife] in state court, alone, does not supply the 'under color of law' requirement for a Section 1983 claim." *Dalenko v. Aldridge*, C/A No. 5:09-cv-117-F, 2009 WL 4499130, at *5 (E.D.N.C. Dec. 3, 2009). Because private attorneys do not act under color of state law, each of the lawyer Defendants are entitled to dismissal. *See Summers v. Campbell*, C/A No. 5:23-cv-188-MOC, 2024 WL 1200317, at *2 (W.D.N.C. Mar. 20, 2024) ("Plaintiff purports to assert a claim against Defendant Davis, an attorney, but he makes no factual allegations to support the contention that this Defendant was acting under the color of state law."); *Allen v. Brown*, C/A No. 5:22-cv-00179-BO, 2022 WL 3225088, at *2 (E.D.N.C. June 7, 2022) ("Private attorneys and law firms are not engaged in state action for purposes § 1983 by participating in legal proceedings."), *R&R adopted by* 2022 WL 3222001 (E.D.N.C. Aug. 9, 2022).

---

"ineffective assistance does not state a claim for which relief can be granted in a § 1983 suit because a public defender performing a lawyer's traditional functions as counsel to a defendant during criminal proceedings does not act under color of state law and, therefore, is not subject to civil liability under 42 U.S.C. § 1983"); *Wagner v. Obama*, C/A No. 3:13-cv-00708-GRA, 2013 WL 2370526, at *6 (D.S.C. May 29, 2013) ("an attorney, whether retained, court appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983"), *aff'd*, 548 F. App'x 86 (4th Cir. 2013).

McMillan is also entitled to immunity as a guardian ad litem. *See Robinson v. Seay*, C/A No. 6:24-cv-02136-HMH-KFM, 2024 WL 2963812, at *2 (D.S.C. May 20, 2024), *R&R adopted by* 2024 WL 2962831 (D.S.C. June 12, 2024); *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *see Grant v. S.C. Dep't of Soc. Servs.*, C/A No. 2:18-cv-01804-RMG-BM, 2019 WL 2093861, at *5 (D.S.C. Feb. 14, 2019) (finding that a guardian ad litem is not a state actor subject to suit under § 1983). Accordingly, Plaintiff's claims against the attorneys and their law firms are not proper in this § 1983 action.[4] *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007) (explaining public defenders are not state actors under § 1983 and thus entitled to dismissal).

Hammond, who is apparently the mother of Plaintiff's child is not a state actor and, therefore, Plaintiff has no § 1983 claim against her. *See Kebort v. Stiehl*, C/A No. 5:17-cv-00418-D, 2018 WL 2927762, at *3 (E.D.N.C. May 17, 2018) (dismissing the plaintiff's § 1983 claim against ex-husband finding he was not a state actor), *R&R adopted by* 2018 WL 2905732 (E.D.N.C. June 11, 2018). Plaintiff does not allege facts showing that any of the attorneys, law firms, businesses, or other individuals were acting under color of state law. Because Plaintiff has not alleged facts showing these Defendants were acting under color of law or whose conduct could be fairly attributable to the state, they are subject to dismissal because they cannot be sued under § 1983.

---

[4] To the extent Plaintiff is asserting a claim for malpractice, claims of attorney negligence and legal malpractice are not cognizable in an action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Additionally, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200–03 (1989). Thus, any claim for legal malpractice fails as a matter of law.

### *Failure to State a Claim*

Additionally, Plaintiff's allegations fail to state a claim for relief. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff's cursory assertions that Defendants violated his due process rights lacks sufficient factual allegations to establish a claim for relief. Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678). Having reviewed the allegations set forth in the Complaint, the Court finds that Plaintiff has failed to present sufficient factual allegations to establish a cognizable federal law claim. Critically, as discussed above, Plaintiff has not identified

any person acting under color of state law who is amenable to suit and not immune that is alleged to have violated Plaintiff's constitutional rights. Additionally, as discussed below, although Plaintiff couches his federal claims as due process violations, Plaintiff's claims are actually challenges to the family court's determinations regarding custody and property distribution, and this Court does not have jurisdiction and/or should abstain from considering such challenges. As such, Plaintiff's § 1983 claims are subject to dismissal.

### *Abstention and/or Lack of Jurisdiction to Review State Court Decisions*

Finally, Plaintiff's federal law claims are subject to dismissal because the Court should abstain or lacks jurisdiction over the claims for the reasons below.

### *Younger Abstention Doctrine*

Plaintiff's federal law claims are not properly before this Court under the *Younger* abstention doctrine to the extent Plaintiff is involved in any ongoing state court litigation and seeks this Court's intervention in those proceedings. Plaintiff alleges that he was detained at the Detention Center and is presently on house arrest awaiting trial. ECF No. 1-1 at 2. Plaintiff also alleges that Defendants' actions led to his false arrest. *Id*. at 3. It is unclear whether these allegations are an attempt to challenge his arrest, any incarceration, or pending charges in the state courts. Plaintiff's Complaint presents numerous allegations about the family court proceedings. It is unclear whether Plaintiff is involved in any ongoing family court proceedings at this time. To the extent Plaintiff is attempting to challenge any state court proceedings, this Court should abstain.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The

18

Supreme Court has since made clear, however, that the *Younger* abstention doctrine also applies "to noncriminal judicial proceedings when important state interests are involved." *See Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met because Plaintiff appears to be involved in pending state court proceedings in the court of general sessions and/or family court. *Gerard v. George*, C/A No. 7:25-cv-4276-DCC-WSB, 2025 WL 2164754, at *14 (D.S.C. May 30, 2025), *R&R adopted by* 2025 WL 2164820 (D.S.C. July 30, 2025). The second criterion is also met, because state court criminal matters and family court proceedings implicate important state interests. *See Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("'family relations [are] a traditional area of state concern'") (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). The third criterion is satisfied because Plaintiff can address many of his claims in the pending proceedings before the South Carolina state courts. Because this case meets all three criteria for abstention under *Younger*, this Court should abstain from considering Plaintiff's claims related to any pending state court matters.

### *Rooker-Feldman* Doctrine[5]

The Court also should not entertain Plaintiff's claims related to the family court proceedings, including any custody determinations and the disposition of the property he complains of based upon the *Rooker-Feldman* Doctrine.  The *Rooker-Feldman* Doctrine is jurisdictional and may be raised by the Court *sua sponte*.  *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" (citations omitted)).  "[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."  *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Plaintiff appears to challenge certain rulings made by the family court.  Thus, Plaintiff may be asking this Court to reconsider or interfere with the execution of the state family court's judgment.

The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the United States Supreme Court may review those state-court decisions.  *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under

---

[5] The *Rooker-Feldman* Doctrine derives its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

28 U.S.C. § 1257); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). The *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 & nn.3–4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (providing that a federal court must accord full faith and credit to a state court judgment); *Robart Wood & Wire Prods. Corp. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). Because Plaintiff appears to be seeking an order from this Court interfering with or vacating the judgment entered in and related to the state family court proceedings, the present action is subject to summary dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine as to those claims. *See, e.g.*, *Kelley v. Saleeby*, C/A No. 4:08-cv-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008), *aff'd by* 302 F. Appx 218 (4th Cir. 2008) ("The proceedings and rulings made in the Darlington County Family Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case"); *Banks v. S.C.*, C/A No. 9:10-cv-785-CMC-BM, 2010 WL 2365352, at *5 (D.S.C. May 6, 2010), *R&R adopted by* 2010 WL 2365417 (D.S.C. May 28, 2010) (finding the *Rooker-Feldman* Doctrine bars claims that a plaintiff was injured as the result of state family court decisions made in a child support enforcement action); *S.C. Dep't of Soc. Servs. v. Obregon-Mejia*, C/A No. 8:17-cv-2659-TMC-JDA, 2018 WL 627892, at *8 (D.S.C. Jan. 10, 2018), *R&R adopted by* 2018 WL 625007 (D.S.C. Jan. 30, 2018) (finding the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine where a plaintiff challenged a state family court order terminating the plaintiff's parental rights); *Saylor-Marchant v. ACS*, C/A No. 2:15-cv-3749-DCN-MGB, 2015 WL 7871230, at *3 (D.S.C. Nov. 4, 2015), *R&R adopted by* 2015 WL 7854233 (D.S.C. Dec. 3, 2015) (applying the

*Rooker-Feldman* Doctrine to bar a case challenging state family court custody proceedings); *Allen v. Dep't of Soc. Servs.*, C/A No. 2:10-cv-2162-DCN-RSC, 2010 WL 3655566, at *5 (D.S.C. Aug. 31, 2010), *R&R adopted by* 2010 WL 3655564 (D.S.C. Sept. 20, 2010) (explaining that a plaintiff's allegations, which included that the family court proceeding was an injustice and an abuse of power, was an improper attempt to have the federal court review state family court proceedings, which "is precisely the type of claim that the *Rooker-Feldman* doctrine precludes").

For all of these reasons, Plaintiff's federal law claim is subject to dismissal.

**Plaintiff's State Law Claims**

Plaintiff purports to bring various state law claims against Defendants. Plaintiff's state law claims could be heard by this Court through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims, if Plaintiff presented a colorable federal question claim. Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Supreme Court has warned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As noted above, Plaintiff has failed to state a federal law claim under § 1983. And Plaintiff's allegations concerning his

state law claims present solely state law questions. Accordingly, the Court should decline to exercise supplemental jurisdiction over any state law claims presented against Defendants.

In the absence of supplemental jurisdiction, any state law claim also would be subject to summary dismissal because the Court would lack subject matter jurisdiction over it. In the absence of a federal question claim, the Court could only exercise jurisdiction over Plaintiff's state law claims if the Complaint satisfied the requirements for diversity jurisdiction. This Court does not have diversity jurisdiction because the Complaint does not allege the required complete diversity of citizenship of the parties. *See* 28 U.S.C. § 1332. Plaintiff and all Defendants are citizens of South Carolina, thereby defeating diversity. Thus, the Court does not have original subject matter jurisdiction over Plaintiff's state law claims and also should decline to exercise supplemental jurisdiction in the absence of a plausible federal question claim.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action, without issuance and service of process, and without leave to amend.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

January 14, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

23

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).